UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY 20-MD-2924 LITIGATION | MDL NO 2924 |
| | JUDGE ROBIN L ROSENBERG |
| THIS DOCUMENT RELATES TO: | GISTRATE JUDGE BRUCE REINHART |
| Gladys Marcano   USDCPR 20-1515 (Plaintiff Name(s)) | |
| | JURY TRIAL DEMANDED |

## SHORT-FORM COMPLAINT

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Master Personal Injury Complaint ("MPIC") in In re: Zantac (Ranitidine) Products Lability Litigation, MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint as permitted by Pretrial Order No. 31.

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

### A. PLAINTIFF(S):

1. Plaintiff(s) Gladys Marcano.

("Plaintiff(s)") brings this action (check the applicable designation):

**X**   On behalf of [himself/herself];

___ In representative capacity as the _____, on behalf of the injured party, (Injured Party's Name) _____ _____.

2. Injured Party is currently a resident and citizen of <u>Caguas, Puerto Rico</u>, and claims damages as set forth below.

### B. DEFENDANT(S):

3. Plaintiff(s) name(s) the following Defendants from the MPIC in this action:

### a.    Brand Manufacturers:

1) GlaxoSmithKline (GSK), and all the GSK related Defendants identified and sued in the MPIC;

2) Boehringer Ingelheim (BI), and all the BI related Defendants identified and sued in the MPIC;

3) Pfizer;

4) Sanofi, and all the Sanofi related Defendants identified and sued in the MPIC;

### b.    Generic Manufacturers:

5) Acic Pharmaceuticals, and all the Acic Pharmaceuticals related Defendants identified and sued in the MPIC;

6) Ajanta, and all the Ajanta related Defendants identified and sued in the MPIC;

7) AmerisourceBergen, and all the AmerisourceBergen related Defendants identified and sued in the MPIC;

8) Amneal, and all the Amneal related Defendants identified and sued in the MPIC;

9) ANDA Repository;

10) Ani Pharmaceuticals;

11) Apotex, and all the Apotex related Defendants identified and sued in the MPIC;

12) Appco;

13) Aurobindo, and all the Aurobindo related Defendants identified and sued in the MPIC;

14) Contract Pharmacal;

15) Dr. Reddy's, and all the Dr. Reddy's related Defendants identified and sued in the MPIC;

16) Geri-Care, and all the Geri-Care related Defendants identified and sued in the MPIC;

17) Glenmark, and all the Glenmark related Defendants identified and sued in the MPIC;

18) Granules, and all the Granules related Defendants identified and sued in the MPIC;

19) Heritage, and all the Heritage related Defendants identified and sued in the MPIC;

20) Hikma, and all the Hikma related Defendants identified and sued in the MPIC;

21) Hi-Tech;

22) JB Chemicals, and all the JB Chemicals related Defendants identified and sued in the MPIC;

23) Lannett, and all the Lannett related Defendants identified and sued in the MPIC;

24) Mylan, and all the Mylan related Defendants identified and sued in the MPIC;

25) Nostrum, and all the Nostrum related Defendants identified and sued in the MPIC;

26) Novitium, and all the Novitium related Defendants identified and sued in the MPIC;

27) PAI;

28) Par Pharmaceutical;

29) Perrigo, and all the Perrigo related Defendants identified and sued in the MPIC;

30) Sandoz;

31) Strides, and all the Strides related Defendants identified and sued in the MPIC;

32) Taro, and all the Taro related Defendants identified and sued in the MPIC;

33) Teva, and all the Teva related Defendants identified and sued in the MPIC;

34) Torrent;

35) VKT, and all the VKT related Defendants identified and sued in the MPIC;

36) Wockhardt and all the Wockhardt related Defendants identified and sued in the MPIC;

37) Zydus-Cadila;

### c. Distributors:

38) Amerisource Bergen, and all the Amerisource Bergen related Defendants identified and sued in the MPIC;

39) Cardinal Health, and all the Cardinal Health related Defendants identified and sued in the MPIC;

40) Chattem, and all the Chattem related Defendants identified and sued in the MPIC;

41) McKesson, and all the McKesson related Defendants identified and sued in the MPIC;

### d. Retailers:

42) Any and all Retailer Defendants identified and sued in the MPIC that directly or indirectly retailed Zantac or ranitidine to the Plaintiff within the territory of Puerto Rico, and in particular, the following,

43) Walgreens, and all the Walgreens related Defendants identified and sued in the MPIC;

### e. Repackagers:

44) Any and all Repacker Defendants identified and sued in the MPIC that directly or indirectly repacked the Zantac or ranitidine sold to the Plaintiff within the territory of Puerto Rico, and including, the following,

45) Denton Pharma;

46) GSMS;

47) Precision Dose;

### f. Other Distributors Not Named in the MPIC:

None.

## C. JURISDICTION AND VENUE

4. Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]: <u>United States District court for the district of Puerto Rico.</u>

5. Jurisdiction is proper upon diversity of citizenship.

## II. PRODUCT USE

6. The Injured Party used Zantac and/or generic ranitidine: [Check all that apply]:

    a. By prescription **X**

    b. Over the counter **X**

7. The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) **2004** to **2019**.

## III. PHYSICAL INJURY

8. As a result of the Injured Party's use of the medications specified above, [he/she] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
|  | BLADDER CANCER |  |
|  | BRAIN CANCER |  |
| **X** | BREAST CANCER | **2017** |
|  | COLORECTAL CANCER |  |
|  | ESOPHAGEAL/THROAT/NASAL CANCER |  |
|  | INTESTINAL CANCER |  |
|  | KIDNEY CANCER |  |
|  | LIVER CANCER |  |
|  | LUNG CANCER |  |
|  | OVARIAN CANCER |  |
|  | PANCREATIC CANCER |  |
|  | PROSTATE CANCER |  |
|  | STOMACH CANCER |  |
|  | TESTICULAR CANCER |  |
|  | THYROID CANCER |  |
|  | UTERINE CANCER |  |
|  | OTHER CANCER: |  |

6

|  | | DEATH (CAUSED BY CANCER) | |

9.      Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

### IV. CAUSES OF ACTION ASSERTED

10.     The following Causes of Action asserted in the Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| **X** | I | STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| **X** | II | STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| **X** | III | STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT |
| **X** | IV | NEGLIGENCE – FAILURE TO WARN |
| **X** | V | NEGLIGENT PRODUCT DESIGN |
| **X** | VI | NEGLIGENT MANUFACTURING |
| **X** | VII | GENERAL NEGLIGENCE |
| **X** | VIII | NEGLIGENT MISREPRESENTATION |
| **X** | IX | BREACH OF EXPRESS WARRANTIES |
| **X** | X | BREACH OF IMPLIED WARRANTIES |
|  | XI | VIOLATION OF CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS and specify the state's statute below: _____ |
| **X** | XII | UNJUST ENRICHMENT |
|  | XIII | LOSS OF CONSORTIUM |
|  | XIV | SURVIVAL ACTION |
|  | XV | WRONGFUL DEATH |
| **X** | XVI | OTHER: MENTAL ANGUISH AND EMOTIONAL DISTRESS |
| **X** | XVII | OTHER: STATUTORY COSTS AND ATTORNEY'S FEES |

**Additional facts supporting the Count XVI claim(s):**

**MENTAL ANGUISH AND EMOTIONAL DISTRESS**

As direct consequence of the Defendant negligent acts and/or omissions of and her resultant physical pains, injuries and disabilities, the Plaintiff(s) has (have) been suffering and will continue to suffer for an indeterminate period of time from severe mental anguish and emotional distress, including irritability, anxiety, depression, insomnia and other related symptoms; and, she sustained a loss of happiness and the capacity to enjoy life. For these damages Plaintiff(s) is (are) entitled to compensatory damages in such amount to be determined at trial.

**Additional facts supporting the Count XVII claim(s):**

**STATUTORY COSTS AND ATTORNEY'S FEES**

The Puerto Rico Rule 44.1 governing costs and attorney's fees is substantive in nature. Pursuant to T. 32 App. V, § 44.1, the costs will be awarded to the party in whose favor the lawsuit is resolved.

In addition Defendants have denied liability forcing the Plaintiff(s) to continue to prosecute the liability claims against them. As a result thereof, Rule 44.1 in its judgement the court shall order the Defendants to pay a sum in the form of a attorney's fee in the amount of 33% of the aggregate of all compensatory damages.

**V. JURY DEMAND**

11.     Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Master Personal Injury Complaint.

**I HEREBY CERTIFY** that I have filed this Motion through the CM/ECF that will notify a true copy to all counsel of record.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 29th day of September, 2024.

**s/ Eric Quetglas-Jordán**
**Eric Quetglas-Jordán**
QuetglasLaw@gmail.com
USDC-PR #202514
RUA - #8284

**QUETGLAS LAW OFFICE, P.S.C.**
1353 Luis Vigoreaux Ave.
PMB 669
Guaynabo, PR 00966
Tel. (787) 722-0635
https://www.facebook.com/EricQuetglasJordan/

**Counsel for Plaintiff(s)**

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Master Personal Injury Complaint.

**I HEREBY CERTIFY** that I have filed this Motion through the CM/ECF that will notify a true copy to all counsel of record.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 29th day of September, 2020.

**s/ Eric Quetglas-Jordán**
**Eric Quetglas-Jordán**
QuetglasLaw@gmail.com
USDC-PR #202514
RUA - #8284

**QUETGLAS LAW OFFICE, P.S.C.**
1353 Luis Vigoreaux Ave.
PMB 669
Guaynabo, PR 00966
Tel. (787) 722-0635
https://www.facebook.com/EricQuetglasJordan/

**Counsel for Plaintiff(s)**